IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ORLANDO BETHEL and GLYNIS BETHEL, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | MISC. NOS.: 09-10-KD-C, 09-11-KD-C, 09-12-KD-C, 09-13-KD-C and 09-14-KD-C |
| BALDWIN COUNTY BOARD OF EDUCATION, ) ) ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Plaintiffs' "Appeal Magistrate's William E. Cassady's Order Dated April 27, 2009" (Doc. 5 in each action). On March 27, 2009, Plaintiffs filed, in each of the above referenced actions, a "Verified Petition for the Purpose of Seeking Order Authorizing the Petitioners to Take Written Interrogatories on Named Persons According to R.Civ. P. 27(a)(1) and (3)." (Doc. 1 in each action). On April 6, 2009, U.S. Magistrate Judge William E. Cassady ordered Plaintiffs to pay the filing fee of $39.00 in each action or potentially suffer dismissal due to non-payment. (Doc. 2 in each action). On April 23, 2009, Plaintiffs filed motions to compel in each of these cases, asserting that they were not required to pay the $39.00 filing fee and requesting proof that payment of any such fee was required. (Doc. 3 in each action). On April 27, 2009, Judge Cassady denied Plaintiffs' motions, ruling that 28 U.S.C. § 1914(b) requires all district courts to collect fees for miscellaneous filings pursuant to the fee schedule established by the Judicial Conference, specifying that the filing fee for petitions to perpetuate testimony pursuant to Rule 27(a) of the Federal Rules of Civil Procedure, effective March 28, 2008, requires that $39.00 be paid in order to file documents that are not filed in a case or proceeding for which a filing fee has been paid.

(Doc. 4 in each action).

In the present motion, Plaintiffs appeal Judge Cassady's April 27, 2009 Order, asserting that it "did not prove, by any law or Federal Rules of Civil Procedures, that the Plaintiffs would have to pay a $39.00 fee for their request to Perpetuate Testimony." (Doc. 5 at 1 in each action). In so doing, Plaintiffs assert a bevy of abusive allegations, rather than an appeal actually based in the law. Indeed, Plaintiffs' appeal presents no legal points that are arguable on their merits. Rather, Plaintiffs simply refer to the Court as "a bunch of corrupt judges, who are full of extortion and fraud, [who] got together and devised mischief" by requiring Plaintiffs to pay a $39.00 filing fee. (Id.) Additionally, Plaintiffs argue that the requirement of the filing fee is "extortion," reference the court as "sinners and heathens," and set forth the following abusive prayer:

> . . . .[that] you people would disappear. I have prayed that the Swine Flu would strike all of your bastards so that we could get some righteous judges (Psalm 37) and win some of our cases. Thank God for the Swine Flu sent to a cursed and reprobate nation of sinners and false Christians as yourself and the witch bitch Kristi Dubose. Bring it on devils . . . .

(Id. at 2-3). Plaintiffs also request that the undersigned provide them with a copy of the schedule of fees "proving" that the $39.00 filing fee is required. (Id. at 1-2).[1]

The Court finds that the language and allegations set forth in Plaintiffs' appeal are abusive and unnecessarily disparaging. Liberal construction of a *pro se* filing does not permit a plaintiff to make abusive and disparaging assertions against the judiciary:

---

[1] Interestingly, Plaintiffs concede that "[t]he USC 1914 law by Congress requires the collection of a filing fee of $350.00, but we don't see where a law requires us to pay $39.00 for this verified petition." (Doc. 5 at 1 in each action). As such, it appears that Plaintiffs are requesting that they be charged $350.00 as a filing fee in each of the above referenced actions, rather than the $39.00 as a filing fee for same. This contention is nonsensical, and merits no further discussion. Nevertheless, the undersigned has attached hereto, a copy of the schedule of fees, which clearly provides that payment of the $39.00 filing fee (and not any other fee) is required for each of the referenced cases.

> This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge . . . .

Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978) (striking appellant's original notice of appeal due to vile and abusive references to the trial court judge contained therein). See also Bethel v. Town of Loxley, Slip Copy, 2006 WL 3449140 (S.D. Ala. Nov. 29, 2006) (striking Mr. Bethel's filings in light of similar language); Bethel v. Escambia County Sheriff's Office, 2006 WL 3498597 (N.D. Fla. Dec. 4, 2006) (sanctioning Mr. Bethel and striking his appeal due to his "efforts to malign, calumniate and denigrate this tribunal" with "scurrilous" filings because his conduct constituted, or was tantamount to, bad faith).

Plaintiffs are frequent litigants in this Court. Simply because Plaintiffs are proceeding *pro se* does not give them *carte blanche* to employ intemperate and abusive language or to engage in *ad hominem* attacks on federal judges or the judiciary as a whole. See, e.g., Fleming v. U.S., 162 Fed. Appx. 383, 386 (5th Cir. 2006). In the above referenced cases, Plaintiffs have repeatedly demonstrated their contempt for both this Court and the law. Plaintiffs have also been involved in numerous other lawsuits in this Court and have repeated the same pattern of abusive and disparaging filings. As this Court detailed over two years ago, in Bethel, 2006 WL 3449140, *1-2:

> . . . . Plaintiffs have used both of these filings as a platform to direct venomous rhetoric at the undersigned, as well as other federal judges sitting in this District. Such a tactic is nothing new for the Bethels, who have demonstrated a pattern of impugning the integrity of the court whenever the undersigned or any other judge enters a ruling adverse to them. [ ]. To date, this Court and the other sitting Judges in this District have taken pains to show restraint, filtering out plaintiffs' insults and focusing on the merits of their submissions.
> \* \* \*
> Plaintiffs have rewarded the patience and forbearance of the judicial officers sitting in this District with an ever-escalating verbal barrage. Their most recent submissions plumb new depths. Plaintiffs convey their dissatisfaction with the undersigned's rulings by calling him a "lying bastard from the pit of hell," referencing his "lying

> butt," and disparaging him as a "fool" who is "senile," "demon possessed," a "stupid bastard from hell," and "a miserable agent of Satan," amidst other equally unflattering insults . . . .
>
> Enough is enough. This Court will no longer sit quietly by in the face of the Bethels' endless stream of inflammatory invective. Plaintiffs have every right to disagree with the rulings entered by this Court and the other judges of this District Court in their numerous lawsuits filed in federal court. However, such dissidence does not confer upon the Bethels *carte blanche* to insult, vilify and castigate this Court in their written filings. *See generally* Sacher v. United States, 343 U.S. 1, 9, 72 S.Ct. 451, 455 (1952) ("But if the ruling is adverse, it is not counsel's right to resist it or to insult the judge--his right is only respectfully to preserve his point for appeal."). As one court of appeals put it, "Litigants are understandably disappointed when they do not prevail in court, but that does not give them the license to attack the integrity of the judiciary. Such abusive conduct will not be tolerated, not even from a *pro se* litigant." In re Mann, 229 F.3d 657, 659 (7th Cir. 2000); *see also* Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978) ("Our *pro se* practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge.").
>
> * * *
>
> . . . . sanctions are warranted for the Bethels' persistent and recurring efforts to malign, calumniate and denigrate this tribunal with scurrilous filings. The undersigned readily concludes that plaintiffs' course of conduct constitutes or is tantamount to bad faith. *See* Amlong & Amlong, P .A. v. Denny's, Inc., 457 F.3d 1180, 1202 (11th Cir.2006) (before a court can impose sanctions under inherent powers, it must make a finding of bad faith). Notwithstanding plaintiffs' *pro se* status, their pleadings must exhibit proper decorum and respect, regardless of whether they concur with this Court's decisions. *Ad hominem* attacks in written filings in federal court are never acceptable, and will not be tolerated . . . .

Bethel, 2006 WL 3449140, *1-2 (footnote and citations omitted).

In sum, abusive and unnecessarily disparaging allegations against the judiciary will not be tolerated in this Court. See *supra*. See also e.g., Bitara v. Texas, 197 Fed. Appx. 329, 330 (5th Cir. 2006) (unpublished); White v. Apollo Group, 163 Fed. Appx. 255, 257 (5th Cir. 2005) (unpublished). This Court simply will not allow Plaintiffs' filings to be a vehicle for such abusive documents any longer. Plaintiffs' pleadings must instead, exhibit proper decorum and respect, regardless of whether they concur with the Court's decisions.

Accordingly, due to the disparaging and abusive nature of these filings, the Court finds that Plaintiffs' course of conduct constitutes or is tantamount to bad faith and that the appropriate sanction is to strike Plaintiffs' Appeal; as such, Plaintiff's Appeal is due to be, and hereby is, **STRICKEN**, in each of the above referenced cases.  See, e.g., Ruston v. Dallas County Tex., Slip Copy, 2009 WL 928191 (5th Cir. Apr. 7, 2009) (unpublished); Bethel, 2006 WL 3449140; Bethel, 2006 WL 3498597; Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836 (10th Cir. 2005).

Additionally, Plaintiffs are hereby **ORDERED** to pay the $39.00 filing fee, in each of these cases, no later than **May 22, 2009; Plaintiffs are cautioned that if this fee is not paid by that date, these cases will be dismissed.**   It is further **ORDERED** that Plaintiffs are **BARRED** from filing any further pleadings in these cases in this Court, pending payment in full of the $39.00 filing fee in each of these cases.

Moreover, Plaintiffs are hereby **NOTIFIED** that all future pleadings, motions and other papers they may file in the above referenced cases or in any other action or proceeding before the undersigned must comport with the basic standards of decorum and respect, as described in this Order.  Failure to do so will result in those submissions being summarily stricken without comment.  See, e.g., Bethel, 2006 WL 3449140, *2; Bethel, 2006 WL 3498597, *2; Balawajder v. Jacobs, 220 F.3d 586 (5th Cir. 2000) (unpublished); Theriault, 579 F.2d at 303; Estate of Goodman v. Ballou, 1994 WL 792365 (5th Cir. 1994); Byrd v. C.I.G.N.A., 988 F.2d 1212 (5th Cir. 1993) (unpublished).

**DONE** and **ORDERED** this the **6th** day of **May, 2009.**

>/s/ Kristi K. DuBose
>**KRISTI K. DUBOSE**
>**UNITED STATES DISTRICT JUDGE**