IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ORLANDO BETHEL and GLYNIS BETHEL,** ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | **MISC. NOS.: 09-10-KD-C, 09-11-KD-C, 09-12-KD-C, 09-13-KD-C and 09-14-KD-C** |
| **BALDWIN COUNTY BOARD OF EDUCATION,** ) ) ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on a review of the record. On May 6, 2009, this Court ordered Plaintiffs to pay the $39.00 filing fee in each of the above-referenced cases no later than May 22, 2009. (Doc. 6, in each case). Plaintiffs were warned that their failure to comply with the Order within the prescribed time would result in the dismissal of these cases. (Id.) To date, Plaintiffs have not paid any of the filing fees, nor have they otherwise responded to the Court's Order.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. See, e.g., Link v. Wabash R. R., 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-1457 (11th Cir. 1995). Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action for failure to obey a court order. See, e.g., Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989). Due to Plaintiffs' failure to comply with the Court's Order and to prosecute these cases by paying

the filing fees, and upon consideration of the alternatives that are available to the Court, the above-referenced cases are due to be dismissed without prejudice pursuant to Rule 41(b) as no other lesser sanction will suffice.  See, e.g., Link, 370 U.S. at 630; World Thrust Films, 41 F.3d at 1456-1457. "The district court possesses the inherent power to police its docket[] . . . [and] . . . [i]ncident to this power, the judge may impose formal sanctions upon dilatory litigants. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice."  Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989).  See also e.g., Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir.1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorizes the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545-1546 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permits the imposition of fines), cert. den., 510 U.S. 863 (1993).  Accordingly, it is **ORDERED** that Misc. Actions 09-10-KD-C, 09-11-KD-C, 09-12-KD-C, 09-13-KD-C and 09-14-KD-C, are hereby **DISMISSED** without prejudice for failure to prosecute and to obey the Court's Order.

**DONE** and **ORDERED** this the **27th** day of **May 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**